IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EDDIE CONLEY, JR.,

        Plaintiff,

v.   CIVIL ACTION NO. 2:22-cv-00436

SERGEANT DAY, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Motion for Leave to Amend Complaint to Conform to the Evidence. [ECF No. 40]. The proposed amended complaint will substitute as a defendant, Erick Musick, in the place of Defendant John Doe, and will "remove erroneously named [d]efendants." *Id.* ¶ 4. Plaintiff filed this motion and the accompanying memorandum, [ECF No. 41], on April 1, 2024. The defendants in this case have not responded. The matter is ripe for review.

To add parties after a responsive pleading has been filed, as is the case here, a party must move for leave to amend the complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure. The movant must also show how the amendment complies with the relevant joinder rules, here Rule 20(a). *See Adkins v. Labor Ready, Inc.*, 205 F.R.D. 460, 462 (S.D. W. Va. 2001). Finally, the addition of parties must be

in compliance with Rule 16, which requires that any change to the scheduling order be for good cause. *See* Fed. R. Civ. P. 16. I will discuss the rules in this order.

    I.    Rule 15

Federal Rule of Civil Procedure 15(a) provides in pertinent part that "[a] part may amend the party's pleading … by leave of the court … and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Fourth Circuit has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted). The court **FINDS** that this amendment would not be prejudicial to the defendants, that Plaintiff has not acted in bad faith, and that the amendment would not be futile.

    II.    Rule 20

Rule 20(a) of the Federal Rules of Civil Procedure requires that the claims against the proposed defendant arise out of the same transaction or occurrence as the claims against the other named defendants. Fed. R. Civ. P. 20(a)(2). Here, Plaintiff did not file as an exhibit his proposed amended complaint and his motion, and the accompanying memorandum, are virtually identical in content.[1] *See* [ECF Nos. 40–41]. In both his motion and memorandum, Plaintiff states that "[d]uring the course

---

[1] Plaintiff is cautioned that the Local Rules of this District do not require that a memorandum of law accompany a motion for leave to amend a complaint. Loc. R. Civ. P. 7.1. Filing an unnecessary memorandum in support which does nothing to support a motion and instead restates the content of the motion word for word is strongly discouraged.

of discovery in this matter, additional facts and details about the incident have come to light" and that he seeks to amend his complaint "in order to remove erroneously named [d]efendants and to have Correctional Officer Eric Musick substituted as a party defendant in the place of John Doe." [ECF No. 40, ¶ 1]; [ECF No. 41, at 1]. As Plaintiff does not tell the court in either of his identical filings which parties will be named in the amended complaint nor does he specifically brief whether the claim against Mr. Musick arises out of the same transaction or occurrence, as the claims against the other named defendants, the court **FINDS** that the Rule 20 requirements are not satisfied.[2]

### III. Rule 16

The Rule 16 analysis focuses on the moving party seeking to add parties. Rule 16(b) provides that the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Specifically, Rule 16(b) notes the establishment of a deadline for joining "other parties and … amend[ing] the pleadings." Fed. R. Civ. P. 16(b)(3).

The court's March 14, 2023, Scheduling Order directed that the deadline for the amendment of pleadings and joinder of parties be May 25, 2023. [ECF No. 22]. Since that time, two Amended Scheduling Orders, [ECF Nos. 32, 43], have been entered. Neither provided a deadline for the amendment of pleadings or joinder of parties because that that deadline had come and gone eight months before the first

---

[2] I will note that Plaintiff's motion is not posed as a motion to substitute a party, which the Local Rules of this District *would* require be accompanied by a memorandum of law. However, even if I were to construe this motion as a motion to substitute a party under Rule 25 of the Federal Rules of Civil Procedure, Plaintiff has not briefed the issue of substitution at all.

motion to modify the court's Scheduling Order was filed. *See* [ECF No. 31 (illustrating that the Joint Motion of the parties to modify the court's Scheduling Order was filed on February 5, 2024)]. Plaintiff has failed to give any reason why this motion was made so long after the deadline set by the March 14, 2023, Scheduling Order, and thus has not shown good cause to amend his complaint and join a party outside of the scheduling order. I **DENY** the motion to amend without prejudice.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                          ENTER:    May 30, 2024

                          JOSEPH R. GOODWIN
                          UNITED STATES DISTRICT JUDGE